RAYE, P. J., Concurring.
Although unnecessary to our disposition here, the question of what burden of proof should apply to a court’s determination of facts related to an inmate’s eligibility for resentencing under Proposition 36 could be a critical issue in future cases. I write separately to explore the significant due process concerns involved and to suggest the appropriateness of a heightened burden of proof by clear and convincing evidence.[1]
Recent authority from the Fifth Appellate District holds that since “a determination of eligibility under [Penal Code] section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence.” (People v. Osuna (2014) 225 Cal.App.4th 1020, 1040 [171 Cal.Rptr.3d 55].) The court’s reasoning is consistent with our own insofar as it rejects application of the Apprendi line of cases to the determination at issue.[2] The fact the Apprendi cases do not govern the current matter means there is no clear constitutional requirement of the right to a jury trial with the concomitant standard of proof beyond a reasonable doubt. But that does not end the inquiry.
“[T]he degree of proof required in a particular type of proceeding ‘is the kind of question which has traditionally been left to the judiciary to resolve.’ [Citation.] [Fn. omitted.] ‘In cases involving individual rights, whether criminal or civil, “[t]he standard of proof [at a minimum] reflects the value society places on individual liberty.” ’ [Citation.]” (Santosky v. Kramer (1982) 455 U.S. 745, 755-756 [71 L.Ed.2d 599, 608, 102 S.Ct. 1388] (Santosky)- see Baxter Healthcare Corp. v. Denton (2004) 120 Cal.App.4th 333, 365 [15 Cal.Rptr.3d 430] (Baxter).) “The standard of proof must satisfy ‘ “the constitutional minimum of ‘fundamental fairness.’ ” ’ ” (People v. Jason K. (2010) *1345 188 Cal.App.4th 1545, 1556 [116 Cal.Rptr.3d 443] (Jason K.), quoting Santosky, supra, 455 U.S. at p. 756, fn. 8 [71 L.Ed.2d at p. 608, fn. 8].) “The function of a standard of proof is to instruct the fact finder concerning the degree of confidence our society deems necessary in the correctness of factual conclusions for a particular type of adjudication, to allocate the risk of error between the litigants, and to indicate the relative importance attached to the ultimate decision.” (Conservatorship of Wendland (2001) 26 Cal.4th 519, 546 [110 Cal.Rptr.2d 412, 28 P.3d 151] (Wendland).)
The People argue the applicable standard of proof should be preponderance of the evidence, emphasizing the resentencing procedure pursuant to Penal Code section 1170.126[3] does not implicate the defendant’s constitutional right to a jury trial under the Apprendi cases, as we have already determined. The People also observe that the standard of proof is not expressly stated in the resentencing statute and assert that Evidence Code section 115 is applicable, which provides in pertinent part: “Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.” Assuming the Apprendi cases do not apply, the preponderance of the evidence standard governs a trial court’s sentencing choices in an ordinary criminal case. (See United States v. O’Brien (2010) 560 U.S. 218, 224 [176 L.Ed.2d 979, 986-987, 130 S.Ct. 2169]; People v. Towne (2008) 44 Cal.4th 63, 86 [78 Cal.Rptr.3d 530, 186 P.3d 10]; People v. Scott (1994) 9 Cal.4th 331, 349 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) Additionally, the appellate court in Kaulick, supra, 215 Cal.App.4th at pages 1301-1305 held that the preponderance of the evidence standard governs the subsequent discretionary determination at a Proposition 36 proceeding of whether the petitioner poses a current risk of danger.[4]
Petitioner, by contrast, urges the court to apply a requirement of proof beyond a reasonable doubt, even assuming, as we have concluded, that the current matter does not implicate the right to a jury trial (with the concomitant proof beyond a reasonable doubt requirement) described in the Apprendi cases. The reasonable doubt standard, generally applicable to cases in which a defendant has not yet been convicted of a crime, is codified in section 1096. Petitioner emphasizes “his freedom for the rest of his fife [is] at stake.” Petitioner characterizes his interests in the current matter as similar to those in which proof beyond a reasonable doubt has been required in the context of various commitment proceedings, including the commitment of narcotics addicts, persons who are “gravely disabled,” and dangerous individuals. (See, e.g., Conservatorship of Hofferber (1980) 28 Cal.3d 161, 178 [167 Cal.Rptr. 854, 616 P.2d 836]; Conservatorship ofRoulet (1979) 23 Cal.3d 219, 225-226 [152 Cal.Rptr. 425, 590 P.2d 1]; People v. Thomas (1977) 19 Cal.3d 630, *1346 637-638 [139 Cal.Rptr. 594, 566 P.2d 228].) Petitioner correctly observes that the degree of proof required in a particular proceeding is traditionally left to the courts and that the issue implicates due process concerns. (See Baxter, supra, 120 Cal.App.4th at p. 365.) As a fallback argument, petitioner asserts that if proof beyond a reasonable doubt is not required, due process compels application of the clear and convincing proof standard. Petitioner observes there has been dispute among federal courts as to whether a sentencing factor with a disproportionate effect on a sentence may implicate a heightened burden of proof by clear and convincing evidence. (See U.S. v. Pineda-Doval (9th Cir. 2010) 614 F.3d 1019, 1040-1041; but see U.S. v. Villareal-Amarillas (8th Cir. 2009) 562 F.3d 892, 894—898, and cases cited therein.)
Case law explains that a variety of factors may be considered by the courts in determining an individual’s due process rights, with a flexible balancing standard being considered under both the state and federal Constitutions. (Today’s Fresh Start, Inc. v. Los Angeles County Office of Education (2013) 57 Cal.4th 197, 212-213 [159 Cal.Rptr.3d 358, 303 P.3d 1140] (Today’s Fresh Start)', Jason K., supra, 188 Cal.App.4th at p. 1556; David B. v. Superior Court (2006) 140 Cal.App.4th 772, 777-778 [44 Cal.Rptr.3d 799].) Three factors were articulated by the United States Supreme Court in Mathews v. Eldridge (1976) 424 U.S. 319, 335 [47 L.Ed.2d 18, 33, 96 S.Ct. 893] (Mathews). These are: “[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.” (Ibid.) These factors are considered both in determining the applicable standard of proof as well as other procedural protections that may be required. (See, e.g., Santosky, supra, 455 U.S. at pp. 758-768 [71 L.Ed.2d at pp. 609-616]; Jason K., supra, 188 Cal.App.4th at pp. 1556-1558.)
The California Supreme Court has further explained: “With a minor modification, we have adopted the Mathews), supra, 424 U.S. 319 [47 L.Ed.2d 18]] balancing test as the default framework for analyzing challenges to the sufficiency of proceedings under our own due process clause. ... In addition, we may also consider a fourth factor, “the dignitary interest in informing individuals of the nature, grounds, and consequences of the action and in enabling them to present their side of the story before a responsible government official.” ’ [Citations.]” (Today’s Fresh Start, supra, 57 Cal.4th at p. 213.) The fourth factor is more relevant to the consideration of what procedural rights the parties should be afforded, an issue discussed in this court’s opinion. I begin then with an evaluation of the three factors described in Mathews, with particular consideration to how they apply to the standard of proof.
*1347 First, the liberty interest affected by the proceeding is substantial but not akin to the original proceedings that resulted in the imposition of petitioner’s sentence under the three strikes law. In this respect, the current matter is distinguishable from other proceedings in which an individual faces some type of commitment. The current case has been fully adjudicated, and petitioner will not suffer any further deprivation of his liberty interest other than that which was a consequence of his initial lawful conviction, at which time the burden of proof was on the prosecution to prove beyond a reasonable doubt that he was guilty. As noted in this court’s opinion and as argued by the People, Dillon v. United States (2010) 560 U.S. 817 [177 L.Ed.2d 271, 130 S.Ct. 2683] (Dillon) indicates a jury trial is not compelled in this postconviction proceeding, which would otherwise have established the standard of proof as “beyond a reasonable doubt.” And case law indicates relatively low due process standards may apply to various postconviction proceedings that potentially affect how much time a defendant serves in prison, such as parole proceedings or disciplinary proceedings that result in credit forfeitures. (See Superintendent v. Hill (1985) 472 U.S. 445, 454 [86 L.Ed.2d 356, 364, 105 S.Ct. 2768]; In re Shaputis (2011) 53 Cal.4th 192, 209 [134 Cal.Rptr.3d 86, 265 P.3d 253].)
On the other hand, the eligibility determination will decide whether petitioner is entitled to a resentencing determination by the court that is potentially dramatic in its implications, much broader in scope than other postconviction proceedings. The difference between an existing sentence and a revised sentence under Proposition 36 is significant. A lengthy indeterminate sentence that could amount to most of a petitioner’s life may be reduced on resentencing to a relatively short term of years. For example, a petitioner currently serving a single term of 25 years to life will not be eligible for parole until he or she has served the vast majority of that sentence, and the petitioner may still be denied parole at that time. But upon resentencing pursuant to Proposition 36, the underlying felony may carry a term of imprisonment of as little as a few years, even after that term is doubled. The consequence may be the release of the petitioner. But if he or she is ineligible for resentencing consideration, the trial court will not exercise any discretion to consider whether the petitioner presents an unreasonable danger if released. (§ 1170.126, subd. (g)(3).) Consequently, a petitioner who does not present such a danger but is determined by the trial court to be ineligible for consideration will necessarily spend a substantial portion of his or her life in prison. The liberty interest may be characterized in this context as substantial, although it is not significantly different than that underlying other sentencing decisions.
The second factor, the risk of erroneous deprivation of the interest created by the state’s chosen procedure, is the most compelling. As noted above, the statute does not call on the parties to present evidence concerning relevant *1348 facts of a prior conviction that determine whether the petitioner is ineligible for resentencing. It is in this respect that the current matter is not like either an ordinary sentencing proceeding or the discretionary resentencing proceeding under Proposition 36, at which time the trial court considers evidence bearing on the petitioner’s dangerousness. The retrospective nature of the determination presents unique pitfalls. A review of the record of the prior conviction is potentially problematic since the parties had no incentive to fully litigate at the time of the original trial court proceedings unpleaded factual allegations that relate to the petitioner’s conduct and intent at the time of the crimes. Obviously, the issue of whether a particular petitioner intended to cause great bodily injury under the eligibility criteria could be the subject of substantial dispute between the parties, as it necessarily requires a determination based on circumstantial evidence in virtually all cases. The determination of whether an item is a deadly weapon can likewise be problematic, as can be seen in the current case.
In this respect, it is worth considering the cautionary statements the California Supreme Court made about the somewhat more limited inquiry ordinarily undertaken with respect to establishing proof of a prior conviction as an enhancement, proof that must be established beyond a reasonable doubt. The court explained that it is erroneous to assume that the inquiry is directed at the defendant’s conduct itself; “[i]nstead, it is a determination regarding the nature or basis of the defendant’s prior conviction— specifically, whether that conviction qualified as a conviction of a serious felony.” (People v. McGee (2006) 38 Cal.4th 682, 706 [42 Cal.Rptr.3d 899, 133 P.3d 1054] (McGee).) The California Supreme Court elaborated that this “inquiry is a limited one,” “with a focus on the elements of the offense of which the defendant was convicted.” (Ibid.) The court observed: “The need for such an inquiry does not contemplate that the court will make an independent determination regarding a disputed issue of fact relating to the defendant’s prior conduct [citation], but instead that the court simply will examine the record of the prior proceeding to determine whether that record is sufficient to demonstrate that the conviction is of the type that subjects the defendant to increased punishment under California law. This is an inquiry that is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court.” (Ibid.; see People v. Wilson (2013) 219 Cal.App.4th 500, 510-513 [162 Cal.Rptr.3d 43].)
The foregoing commentary by the California Supreme Court is not directly applicable in the sense that the Supreme Court was explaining why determining the nature of a defendant’s prior conviction did not violate the Apprendi cases, a concern not implicated here given the applicability of Dillon. (See McGee, supra, 38 Cal.4th at pp. 685-686, 706-707.) But it is nevertheless *1349 instructive as to the dangers of making this type of retrospective determination. To avoid any erroneous deprivation of a liberty that follows the finding a petitioner is ineligible for resentencing consideration, the trial court must be cautious when considering issues of fact that either were or could have been reasonably disputed by the petitioner had they been directly at issue at the time of the earlier proceeding. Imposing a heightened standard of proof would help to address this due process concern, even though that standard need not necessarily be the “reasonable doubt” standard applicable to proof of a sentencing enhancement.
Having discussed the first two factors, I reach the third, that being the countervailing government interest implicated by the procedure. The primary countervailing government interest is the policy interest underlying Proposition 36 as well as the statutory interest identified by the People in applying the preponderance of the evidence standard. Since the statute does not provide the People with an opportunity to present evidence on the issue, there may be cases in which a petitioner who it could be shown should be ineligible for resentencing may nevertheless be considered for resentencing because of the absence of evidence in the record of conviction on the disputed point. That being said, these countervailing concerns are minimal given the statutory structure as a whole.
In weighing the rights of the parties, the court must be mindful of the fact that the eligibility determination is but a step in the process of determining whether to resentence a petitioner. Nothing precludes the People from presenting evidence that was absent from the trial record, such as use of a deadly weapon, to show that an otherwise eligible petitioner should not be resentenced under Proposition 36 if the matter proceeds past the eligibility stage to the discretionary resentencing determination. The statute expressly contemplates that the trial court will consider additional evidence in determining whether to exercise its discretion to resentence the petitioner. (See § 1170.126, subd. (g).) The opportunity to do so likewise bears on the second factor, that being the risk of an erroneous deprivation of an individual’s rights. The risk of an erroneous deprivation of an individual’s rights may be minimized in a closer case by imposition of a heightened burden of proof without putting the People in a substantially diminished position, whereas imposition of a preponderance of the evidence standard incorrectly assumes the parties are in a similar position going forward in the proceeding. In this circumstance, the countervailing interests of the People are substantially diminished.
It must also be remembered that the People now bear the burden of proof beyond a reasonable doubt with respect to establishing the ineligibility of defendants awaiting sentencing under the three strikes law, as revised by *1350 Proposition 36. Consequently, current defendants are afforded substantial due process rights to both challenge evidence implicating the criteria and convince a jury that the prosecution has failed to meet its evidentiary burden. As explained in this court’s opinion, none of these rights is directly implicated by the current summary proceedings for determining a petitioner’s eligibility for resentencing. But the eligibility criteria in both instances serve a similar purpose under the statutory framework.
Having reviewed the relevant factors, I conclude with a few additional observations. “The required minimum standard reflects a ‘societal judgment about how the risk of error should be distributed between the litigants.’ [Citation.] When the preponderance of the evidence standard of proof is used, the risk of an erroneous deprivation of the interest is shared ‘in roughly equal fashion’ between the parties.” (Jason K., supra, 188 Cal.App.4th at p. 1556.) An analysis of the factors described above suggests that due process may compel a heightened burden of proof in making the determination in the current matter based upon the cold record of petitioner’s prior conviction. I would respectfully suggest careful consideration as to whether imposition of proof by clear and convincing evidence is required.
Courts apply a clear and convincing evidence standard, even in civil cases in which the preponderance of the evidence standard is otherwise considered the default standard “when necessary to protect important rights,” for example, in cases of fundamental liberty interests such as termination of parental rights or in certain conservatorship proceedings. (Wendland, supra, 26 Cal.4th at p. 546.) An intermediate standard of proof by clear and convincing evidence may be required “when the individual interests at stake in a state proceeding are both ‘particularly important’ and ‘more substantial than mere loss of money.’ [Citation.]” (Santosky; supra, 455 U.S. at p. 756 [71 L.Ed.2d at p. 608].) Clear and convincing evidence is an appropriate standard of proof when a balancing of the relevant factors leads to the conclusion that it is “ ‘inappropriate to ask the individual “to share equally with society the risk” ’ ” of an erroneous adjudication. (Jason K., supra, 188 Cal.App.4th at p. 1557, quoting Jones v. United States (1983) 463 U.S. 354, 367 [77 L.Ed.2d 694, 707, 103 S.Ct. 3043].)
Although the clear and convincing evidence standard is more typically applied in cases that are civil in nature that implicate important rights, the nature of the proceeding itself is not dispositive. As noted above, the balancing test that governs due process applies in all proceedings, whether criminal or civil in nature. (See Santosky, supra, 455 U.S. at pp. 755-756 [71 L.Ed.2d at p. 608]; see also People v. Yokely (2010) 183 Cal.App.4th 1264, 1272 [108 Cal.Rptr.3d 318] [identification evidence may be admitted despite illegal lineup in criminal proceeding if the prosecution establishes by clear and convincing evidence an independent basis for the identification].)
*1351 The current case is undoubtedly representative of a significant number of cases in which application of either a preponderance of evidence standard or a clear and convincing standard makes no difference. But there are likely to be other cases in which the standard of proof may well be determinative. In those cases there are compelling reasons to consider application of the clear and convincing standard.

 The issue of what standard of proof applies to the preliminary eligibility determination has no bearing on the subsequent discretionary determination by the trial court of whether to resentence the petitioner, which may be based on new evidence. (Pen. Code, § 1170.126, subd. (g).) In this respect, I do not question the particular conclusion of the appellate court in People v. Superior Court (Kaulick) (2013) 215 Cal.App.4th 1279, 1301-1305 [155 Cal.Rptr.3d 856] (Kaulick) that the applicable burden of proof with respect to whether a petitioner poses a danger and should be resentenced is a preponderance of the evidence.

 Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (Apprendi).

 Further undesignated section references are to the Penal Code.

 Proposition 36 is also known as the Three Strikes Reform Act of 2012.